UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raschaun Colbert, # 299840, *aka* Rashaun Colbert, | ) C/A No. 8:13-806-RMG-JDA ) ) ) |
| Petitioner, | ) ) |
| vs. | ) Report and Recommendation ) |
| ~~South Carolina~~, Joseph McFadden, *Warden of Lieber Correctional Institution*, | ) ) ) ) ) |
| Respondent. | ) |

### *Background of this Case*

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2254. Petitioner is an inmate at the Lieber Correctional Institution. Petitioner is serving a sentence of sixty-five (65) years for a murder conviction entered in the Court of General Sessions for Horry County on February 12, 2004. No direct appeal was filed. Petitioner filed an application for post-conviction relief (Case No. 2004-CP-26-3422) on June 18, 2004, which docketed under the name Raschaun Colbert. In the post-conviction case, Petitioner received a belated direct appeal. The Supreme Court of South Carolina on January 28, 2008, affirmed the conviction and sentence on belated direct appeal and denied the petition for certiorari in the PCR case (*see* ECF No. 12-1 at 1). *Colbert v. State*, Memorandum Opinion No. 2008-MO-007 (S.C. Jan. 28, 2008), available at http://www.sccourts.org. The remittitur in the PCR case was docketed by the Clerk of Court for Horry County on

February 15, 2008 (ECF No. 12-1 at 3).

Petitioner delivered the § 2254 Petition to prison officials for mailing on March 18, 2013 (ECF No. 1-2). Petitioner raises one ground in the Petition: ineffective assistance of trial counsel. In the memorandum in support, Petitioner contends that he is entitled to equitable tolling because his post-conviction counsel did not apprise him of the result in his post-conviction case and belated appeal until 2010 (ECF No. 1-1).

In his Answers to Court's Special Interrogatories (ECF No. 12), Petitioner contends that, after he learned of the disposition of the appeal in his post-conviction case, he thought that he was barred from filing a § 2254 petition. Petitioner also states that the § 2254 form provided to him by his appellate PCR counsel was an older version of the Form AO 241 and his not include Question 18 from the current version of the Form AO 241. Petitioner indicates that he filed the § 2254 Petition in the above-captioned case after he became aware of the decision in *Martinez v. Ryan*, 182 L. Ed.2d 272, 132 S. Ct. 1309, 1320 (2012). In the alternative, Petitioner requests that the above-captioned case be construed as a § 2241 petition.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[1] has been

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings
(continued...)

conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

With respect to his conviction for murder and sentence of sixty-five years, Petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after Petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes*, 433

---

(...continued)
and recommendations to the District Court.

U.S. 72 (1977)); *see also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); and *Picard v. Connor*, 404 U.S. 270 (1971). Although Petitioner has exhausted his state court remedies, the Petition in the above-captioned case is, facially, untimely by at least four years and one month.

The grant of the belated direct appeal "reset" the date on which Petitioner's conviction became "final." *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009) (state court's grant of out-of-time direct appeal resets date when conviction becomes "final" under AEDPA). Even so, Petitioner's conviction became "final" no later than February 15, 2008, when the remittitur order from the Supreme Court of South Carolina was docketed in the Office of the Clerk of Court for Horry County (ECF No. 12-1 at 3). The "delivery" date of the instant Petition is March 18, 2013 (ECF No. 1-2). *Houston v. Lack*, 487 U.S. 266, 270–76 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to district court). Thus, the Petition and exhibits show the following periods of untolled time: February 16, 2009 to March 18, 2013—that is, the period beginning one year after the remittitur in Petitioner's belated direct appeal and ending with the filing of the Petition. Hence, Petitioner has a total of four years and one month of untolled time. This aggregate time period exceeds the one-year statute of limitations under the AEDPA. 28 U.S.C. § 2244(d).

Even if this Court were to apply the doctrine of equitable tolling, *see Holland v. Florida*, 177 L. Ed. 2d 130, 130 S. Ct. 2549, 2259–65 (2010) (holding that the AEDPA statute of limitations is subject to equitable tolling), to toll the time between the remittitur of his belated direct appeal and when Petitioner learned in April 2010 from his post-conviction appellate counsel that his belated direct appeal had concluded, Petitioner

4

still has almost three years of untolled time. Significantly, in his memorandum in support, Petitioner states that his PCR trial counsel sent him a federal habeas petition form in 2010 (ECF No. 1-1, at page 3 [at two bottom lines]), but Petitioner did not file a federal habeas petition until he filed the instant Petition in March 2013 because he believed a § 2254 petition would be time-barred (ECF No. 12 at 1). Therefore, the present Petition is time-barred and should be dismissed on that basis. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002);[2] *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) ("In sum, we hold that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition. We so hold, noting that it would make scant sense to distinguish in this regard AEDPA's time bar from other threshold constraints on federal habeas petitioners.").[3]

Petitioner's mistaken belief that he was barred from filing a § 2254 petition does not

---

[2] Petitioner's opportunity to respond to the order of March 29, 2013, and his right to file objections to this Report and Recommendation constitute his opportunities to object to a dismissal of this petition based on the statute of limitations. *Hill v. Braxton*, 277 F.3d at 707 (habeas case; timeliness may be raised *sua sponte* if evident from face of pleading, but petitioner must be given warning and opportunity to explain before dismissal); *cf. Bilal v. North Carolina*, No. 06-6677, 287 Fed.Appx. 241, 244–49, 2008 WL 2787702 (4th Cir. July 18, 2008).

[3] The United States Court of Appeals for the Fifth Circuit has commented on the purpose and effect of statutes of limitations:

> Limitations statutes, however, are not cadenced to paper tidiness and litigant convenience. Time dulls memories, evidence and testimony become unavailable, and death ultimately comes to the assertion of rights as it does to all things human.

*United States v. Newman*, 405 F.2d 189, 200 (5th Cir. 1969) (citation omitted from quotation).

justify equitable tolling in this case.  Equitable tolling is available only in those rare instances where, due to circumstances external to the party's own conduct, it would be unconscionable to enforce the limitation period against the party and gross injustice would result.  See *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*) ("rarely will circumstances warrant equitable tolling"); *Jones v. South Carolina*, Civil Action No. 4:05-2424-CMC-TER, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006):

> In a recent United States Supreme Court habeas decision, the Court did not directly address whether equitable tolling applied to the time limit for filing a § 2254 petition, but noted that "[g]enerally a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted).  The Fourth Circuit has held that, at least in theory, equitable tolling applies to AEDPA's filing deadline.  See *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000).  The Fourth Circuit cautioned, however, that equitable tolling should apply "in those rare circumstances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period and gross injustice would result."  *Harris*, 209 F.3d at 330.  Petitioner would "only [be] entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time."  *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).  Other courts addressing equitable tolling have found that "extraordinary circumstances" are not: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.

Further, contrary to Petitioner's assertion, the United States Supreme Court's decision in *Martinez v. Ryan* does not provide Petitioner with a basis for equitable tolling.  In *Martinez*, the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default

of a claim of ineffective assistance at trial." 132 S. Ct. at 1315. The Court elaborated,

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 1318. Accordingly, Martinez provides petitioners an opportunity to overcome a procedural bar to ineffective assistance of trial counsel grounds for relief, not to overcome a time bar to a petition or any ground for relief.

Finally, this Court cannot construe Petitioner's § 2254 Petition as a § 2241 petition to evade or circumvent the timeliness requirements for a § 2254 action. *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."); which is cited in *Ferrell v. Warden of Lieber Corr. Inst.*, Civil Action No. 9:10-1223-CMC-BM, 2010 WL 3258297, at *2 (D.S.C. June 28, 2010), *adopted*, 2010 WL 3258295 (D.S.C. Aug. 16, 2010).

### *Recommendation*

Accordingly, it is recommended that the § 2254 Petition be dismissed **with prejudice** and without requiring Respondent to file an Answer or return because the

Petition is untimely under the one-year limitations provision of the AEDPA, 28 U.S.C. § 2244(d).  It is also recommended that the District Court deny a Certificate of Appealability.  Petitioner's attention is directed to the important notice on the next page.

May 1, 2013                                          s/Jacquelyn D. Austin
Greenville, South Carolina                           United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).