IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raschaun Colbert, ) | |
| ) | C/A No. 8:13-806-RMG |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Joseph McFadden, Warden of Lieber ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court dismiss Petitioner's § 2254 petition with prejudice. For the reasons stated below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Petitioner is an inmate at the Lieber Correctional Institution serving a sixty-five year sentence for a murder conviction. In Petitioner's belated direct appeal, the Supreme Court of South Carolina affirmed his conviction and sentence and denied his petition for certiorari in his PCR case. *Colbert v. State*, Memorandum Opinion No. 2008-MO-007 (S.C. Jan. 28, 2008), available at http://www.sccourts.org. The Horry County Clerk of Court docketed the remittitur in the PCR case on February 15, 2008. On March 18, 2013, Petitioner delivered for mailing this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). This matter was referred to a Magistrate Judge in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for all pretrial proceedings. The Magistrate Judge reviewed the petition under 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996

1

("AEDPA") and filed an R&R on May 1, 2013 recommending that the petition be dismissed with prejudice. (Dkt. No. 17). Petitioner then filed timely objections to the R&R. (Dkt. No. 20).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a prisoner's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In reviewing these pleadings, the Court is mindful of Petitioner's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Law/Analysis

The Magistrate Judge liberally construed the pleadings, accurately summarized the law, and correctly concluded that the Court should dismiss this petition because it was filed after the

one-year limitation period had expired. (Dkt. No. 17). Under AEDPA, a one-year period of limitation applies to applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § (d)(1)(A). In his habeas petition, Petitioner contends that equitable tolling is appropriate because his post-conviction appellate counsel did not inform him of the outcome of his appeal until April 2010. (Dkt. No. 1-1 at 3). After Petitioner learned of the outcome, he claims he thought he was time-barred from filing a § 2254 petition. (*Id.*).

In his objections, Petitioner first claims that the Magistrate Judge erroneously rejected his claim of equitable tolling. (Dkt. No. 20 at 2-3). Equitable tolling applies where a litigant "has been pursuing his rights diligently, and . . . some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). As noted by the Magistrate Judge, even if the Court applied equitable tolling to the time between the remittitur and the date Petitioner was informed of the outcome of his appeal in April 2010, almost three years passed before he filed this petition in March 2013. Petitioner's belief that he was barred from filing a § 2254 petition when he was notified of the outcome of his belated appeal in April 2010 does not justify equitable tolling because extraordinary circumstances did not stand in his way, nor is it indicative of one who "has been pursuing his rights diligently." *Id.* Petitioner failed to timely submit his petition after he was informed of the South Carolina Supreme Court's decision through his own mistake or lack of diligence. His post-conviction appellate counsel even provided him with a § 2254 petition form in 2010 when she notified him of the outcome of the appeal. (Dkt. No. 1-1 at 3). Equitable tolling is inappropriate here because this not one of those "rare instances when, due to circumstances external to the party's own conduct, it would be

3

unconscionable to enforce the limitation period." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

Second, Petitioner objects to the Magistrate Judge's rejection of the application of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to the circumstances of this case. (Dkt. No. 20 at 3-7). Petitioner contends that his PCR counsel should have raised a claim of ineffective assistance of counsel on the basis of trial counsel's lack of a pretrial investigation, failure to call a qualified mental health expert, and failure to obtain his mental health records. (*Id.*). However, Petitioner concedes that *Martinez* provides no basis to support his argument for equitable tolling and therefore does not affect the timeliness of his petition under 28 U.S.C. § 2244(d)(1). (Dkt. No. 20 at 7).

## Conclusion

After review of the record, the R&R, and Petitioner's objections, the Court finds the Magistrate Judge accurately applied the law to the facts of this case. Therefore, the Court adopts the R&R as the order of the Court. (Dkt. No. 17). Accordingly, the Court DISMISSES Petitioner's petition for writ of habeas corpus with prejudice pursuant to 28 U.S.C. § 2244(d).

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v.*

4

*Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**AND IT IS SO ORDERED.**

The Honorable Richard Mark Gergel
United States District Court Judge

June ___, 2013
Charleston, South Carolina

5